**William FRIENDS, Plaintiff-Appellant,**

v.

**COCA–COLA BOTTLING COMPANY OF MID–AMERICA, INC., Defendant-Appellee.**

**No. 84–1411.**

United States Court of Appeals, Tenth Circuit.

April 17, 1985.

William F. Dunn, Prairie Village, Kan., for plaintiff-appellant.

William C. Martucci of Spencer, Fane, Britt & Browne, Kansas City, Mo. (Jack L. Whitacre of Spencer, Fane, Britt & Browne, Kansas City, Mo., and Lawrence L. Ferree, III of Bouska, Ferree & Bunn, Overland Park, Kan., with him on the brief), for defendant-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

PER CURIAM.

This case involves a claim of discrimination by a black employee brought pursuant to 42 U.S.C. § 2000e, *et seq.* (Title VII). Plaintiff alleged that he was discriminated against in not being called to work, in not being promoted, and in being terminated. He also claimed retaliatory discharge. Applying the test set out in *McDonnell Doug-*

las Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the trial court found that plaintiff had made a prima facie case on his discrimination claim, but that the articulated reasons of the employer (poor record of availability and job performance) were legitimate, non-discriminatory reasons and that appellant did not carry his burden of showing that they were pretextual. On the retaliatory discharge issue, the court found that no prima facie case had been made and, in the alternative, that the discharge was for legitimate, non-retaliatory reasons.

We have reviewed the court's extensive memorandum opinion and the record. The record supports the factual conclusions reached by the court. We are not at liberty to overturn those findings if they are supported, as we find they are, by the record. Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City, North Carolina,* — U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

On appeal, appellant raises for the first time the question of whether the mere articulation of a non-discriminatory reason for the employer's action properly shifts the burden back to the employee to show pretext in a case where there is direct (as opposed to merely circumstantial) evidence of discriminatory intent. *Bell v. Birmingham Linen Services,* 715 F.2d 1552 (11th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984); *Lee v. Russell County Board of Education,* 684 F.2d 769 (11th Cir.1982). We do not reach that issue. We find that, given the manner in which the case was presented, the court applied correct rules of law. Certainly, the doctrine of the *Bell* and *Lee* cases should have been brought to the trial court's attention. Nevertheless, even if we were to apply the burden-shifting rule of *Bell* and *Lee,* the record in this case shows no direct evidence of intentional discrimination that is sufficiently strong for us to conclude that there was fundamental error.

AFFIRMED.